## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BURKE,** | |
| Plaintiff, | |
| v. | Civil Action No.: 19-3145 (KBJ) |
| **PAUL J. WIEDEFELD,** | |
| Defendant. | |

### PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS REPLY

Plaintiff John Burke hereby respectfully move this Court for leave to supplement his Reply [13] to add a declaration by investigator Sophie Vick under 28 U.S.C.A. § 1746 supported by actual MPD panhandling arrest reports [Ps. Ex. # 4, attached hereto] to refute defendant Mr. Wiedefeld's contention in his Opposition [10] that the MPD enforces or is obligated to enforce the "panhandling in the Metro provision," D.C. Code § 22-2302(b), of the panhandling statute, so granting the motion would not alleviate the irreparable harm Mr. Burke suffers from the violation of his First Amendment rights. *See* Mr. Wiedefeld's Opposition [10], p. 26 ("injunction of WMATA's enforcement of the panhandling statute would not affect the obligation of the District's MPD to enforce the statute").[1] In fact, as the actual MPD arrest reports attached to Ms. Vick's declaration show, the MPD does **not** arrest people for "panhandling in the Metro stations." Ps. Ex. # 4.

Therefore, the declaration and the attached MPD arrest reports cut right to the quick of one of the key traditional equitable factors identified by the Supreme Court in Winters: "likel[ihood that plaintiff will] suffer irreparable harm in the absence of preliminary relief." Winter

---

[1] Page references are to ECF page numbers.

v. NRDC, 555 U.S. 7, 20 (2008). Mr. Wiedefeld through counsel argued that any preliminary injunction Mr. Burke seeks would not alleviate irreparable harm flowing from the violation of his First Amendment rights because the District's MPD would remain obligated to enforce the panhandling in the Metro station provision of the panhandling statute. Opposition [10], p. 26.

Not so. Ms. Vick's declaration and the actual MPD panhandling arrest reports supporting it show that the District's MPD does not in fact enforce the panhandling in the Metro station provision of the panhandling statute. Ps. Ex. # 4. Moreover, as Mr. Burke explained in his motion, the District's MPD lacks authority to enforce the District's panhandling statute in Metro stations outside of the McFarlin zones, See McFarlin v. District of Columbia, 681 A.2d 440, 448 (D.C. 1996), and Mr. Burke was panhandling outside of the McFarlin zones. Burke Decl. [3-1], ¶ 10 and figure 4, Reply [13], p. 15.

Mr. Burke's argument applies to the same extent to the Winters "likel[ihood that plaintiff will] suffer irreparable harm in the absence of preliminary relief" factor even if the basis for arresting Mr. Burke for panhandling in the above-ground Speech and Performance Areas areas of WMATA's Metro stations is WMATA's Use Regulations and not he panhandling in a Metro station provision of the panhandling statute. 2018 Use Regulations, ¶ 3.2.7; Chief Pavlik's Declaration [10-1], ¶¶ 10, 12-14; discussed in Mr. Burke's Reply [13], pp. 3-4.

The harm here complained of does not depend on the behavior of a third party not before the Court. See e.g., Hawkins v. Bernhardt, 2020 U.S. Dist. LEXIS 16626, *23 (D.D.C. 2020) Appeal filed (Mar. 30, 2020) (No.20-5074). The harm here depends on policies enforced by Mr. Wiedefeld, WMATA's General Manager in his official capacity. Hedgepeth v. Wash. Metro. Area Transit Auth., 386 F.3d 1148, 1152 n. 3 (2004)(WMATA's General Manager sued in their official capacity, when sued for injunctive relief, is a person under § 1983 because "official-capacity actions

for prospective relief are not treated as actions against the State") *citing* Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).

Therefore, Ms. Vick's declaration and the attached MPD panhandling arrest police reports help establish that enjoining Mr. Wiedefeld and through him WMATA from arresting Mr. Burke either by enjoining its enforcement of the panhandling in a Metro station provision of the District's panhandling statute or enjoining Mr. Wiedefeld from enforcing the relevant provisions of the WMATA Use Regulations would cure the irreparable harm to Mr. Burke cause by the violations of his First Amendment rights by arresting him and by posing a "sufficiently imminent threat" to arrest him again. Woodhull Freedom Found. v. United States, 948 F.3d 363, 370-71 (D.C. Cir. 2020)("a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.") *quoting* Susan B. Anthony List v. Driehaus (SBA), 573 U.S. 149, 157-58 (2014).

### Consent sought but not obtained

Pursuant to LCvR 7(m) Plaintiff through counsel sought Mr. Wiedefeld's consent to the relief sought in this motion, but Mr. Wiedefeld does not consent.

### A.  This Court has authority under its inherent powers to allow the supplement.

This Court has authority under its inherent powers to allow the supplement because "[m]atters of docket control . . . are within the sound discretion of the district court." *See e.g.,* Eng'g & Mfg. Servs., LLC v. Ashton, 387 F. App'x 575, 582 (6th Cir. 2010). A District Court has discretion in exercising its prerogative to manage its docket including whether to grant a motion for leave to supplement a previously filed motion. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151 (1996).

A party seeking to supplement a previously filed motion must (1) seek leave of Court; and (2) request an extension of time. *See e.g.*, DL v. District of Columbia, 450 F. Supp. 2d 11, 19-20 (D.D.C. 2006). In the absence of any motion for an extension, the District Court has no basis on which to exercise its discretion. Smith v. District of Columbia, 430 F.3d 450, 457 (2005)(district court abused its discretion in entertaining the late motion for summary judgment filed without a motion for extension setting forth cause).

Plaintiff Mr. Burke satisfies both of these procedural criteria with this motion. *Id.* Moreover, based on an equitable application of the Pioneer factors, Mr. Burke is entitled to an extension under Fed. R. Civ. P. 6(b)(1)(B).

**B. Mr. Burke wishes to supplement his Reply with MPD panhandling arrest reports to rebut Mr. Wiedefeld's unsupported contention in his Opposition that that the District's MPD makes arrests for panhandling in the Metro stations.**

Mr. Burke wishes to supplement his Reply [13] with a declaration by Ms. Vick supported by actual MPD panhandling arrest reports to rebut Mr. Wiedefeld's unsupported contention in hs Opposition [10] that that the District's MPD makes arrests for panhandling in a Metro station. Ps. Ex. # 4. The District's MPD continues to make arrests for panhandling but that it does not make arrests for panhandling in a Metro station, the provision at issue in this case. *Id.*

In his Opposition to Plaintiff's Motion [3] for Preliminary Injunction Mr. Wiedefeld argued – without factual support – that even if Plaintiff could show some irreparable harm from enforcement of the panhandling statute, the preliminary injunction he seeks would not alleviate it, because, Mr. Wiedefeld's counsel claimed, "[a]n injunction of WMATA's enforcement of the panhandling statute would not affect the obligation of the District's MPD to enforce the statute." Opposition [10], p. 26.

Ms. Vick's declaration and the actual MPD arrest reports attached to it refute Mr. Wiedefeld's contention, Ps. Ex. # 4, that the MPD would enforce or be obligated to enforce the

panhandling in a Metro station provision of the panhandling statute and so enjoining WMATA from arresting Mr. Burke for panhandling in the in the above-ground Speech and Performance Areas of WMATA's Metro stations would not cure the irreparable harm caused him from the violations of his First Amendment rights. Of course, as Mr. Burke pointed out in his Reply [13], p. 26, as a matter of law after the District of Columbia Court of Appeals' decision in McFarlin v. District of Columbia, the District's MPD does not have authority to enforce the District's panhandling statute in Metro stations outside of the McFarlin zones, *See* McFarlin, 681 A.2d at 448, and Mr. Burke was panhandling outside of the McFarlin zones. Burke Decl. [3-1], ¶ 10 and figure 4, Reply [13], p. 15.

But, actual MPD arrest reports collected by Mr. Burke's investigator from the period running from October 2019 to March 26, 2020 show that the District has not made any arrests for panhandling in the Metro stations during that period. Ms. Vick's declaration and attached records, Ps. Ex. # 4.

Mr. Burke's argument applies to the Winters "likel[ihood that plaintiff will] suffer irreparable harm in the absence of preliminary relief" factor even if the basis for arresting Mr. Burke for panhandling in the above-ground Speech and Performance Areas of WMATA's Metro stations is WMATA's Use Regulations and not the "panhandling in a Metro station" provision of the panhandling statute. 2018 Use Regulations, ¶ 3.2.7; Chief Pavlik's Declaration [10-1], ¶¶ 10, 12-14; discussed in Mr. Burke's Reply [13], pp. 3-4.

### C. Mr. Burke's motion to extend his time for supplementing his Reply with Ms. Vick's declaration and attached records should be granted based on an equitable application of the Pioneer factors.

Mr. Burke is entitled to an extension under Fed. R. Civ. P. 6(b)(1)(B) for supplementing his Reply with Ms. Vick's declaration and attached records, Ps. Ex. # 4, based on an equitable application of the Pioneer factors to the facts of this motion.

A motion for extension of time is governed by Fed. R. Civ. P. 6(b). Requests to extend time may be made before or after expiration of the time period. 1 Moore's Federal Practice - Civil § 6.06 (2019). Time limits imposed by the court itself as well as deadlines imposed by other federal rules may be extended by Fed. R. Civ. P. 6(b). Sherrod v. Breitbart, 720 F.3d 932, 938 (D.C. Cir. 2013) (district court's grant of motion to extend time under Fed. R. Civ. P. 6(b) did not extend statutory time limit; rule may be used to extend only those time limits imposed by the court itself or by other federal rules).

This Court ordered Mr. Burke to file his Reply to defendant's Opposition on or before 11/27/2019. Minute Order docketed 11/11/2019. That deadline has passed, so this motion is governed by Fed. R. Civ. P. 6(b)(1)(B) (post-deadline extension).

When a court sets a deadline, the court may, for cause, exercise its discretion "upon motion made after the expiration of the specified period" and permit the belated action "where the failure to act was the result of excusable neglect." Smith, 430 F.3d at 456.

Courts apply the "Pioneer" factors in making a determination of "excusable neglect." Smith, 430 F.3d at 456 n.5; Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,, 507 U.S. 380, 388 (1993). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395. The four "Pioneer" factors are danger of prejudice to the opposing party, the length of the delay and its potential impact on

judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith. *See* Smith, 943 F.2d at 677.

The absence of prejudice to the non-movant is one of the most important factors. Rachel v.

Troutt, 820 F.3d 390, 394 (10th Cir. 2016) (Fed. R. Civ. P. 6(b)(1) "should be liberally construed

to advance the goal of trying each case on the merits. ... district courts should normally grant

extension requests, made before the deadline, in the absence of bad faith by the requesting party

or prejudice to another party").

There is no danger of prejudice to Mr. Wiedefeld as is evidenced by the Mr. Wiedefeld's

lack of articulation of any prejudice.

Moreover, the absence of prejudice is clear because the affidavit sets forth no unexpected

new facts. The declaration is simply a declaration under penalty of perjury by Ms. Vick (supported

by actual MPD arrest reports) of the fact that although the District's MPD is continuing to enforce

certain provisions of the panhandling statute it is not enforcing the Panhandling in a Metro station

provision which is the provision of the panhandling statute at issue in this case. Ps. Ex. # 4.

Because the records that Ms. Vick bases her declaration on are in the public record Mr.

Wiedefeld and his attorneys have also had access to them. Moreover, because Mr. Burke filed a

Notice [15] regarding MPD panhandling arrests (update on the Districts enforcement of the

panhandling statute) on 1/14/2020 regarding the District's enforcement of the panhandling statute

and the availability of arrest records Mr. Wiedefeld and his counsel have had actual knowledge of

the records and where to access them.

Granting the motion will have limited or no potential impact on judicial proceedings

because the delay in filing after filing the Reply [13] was brief and, the Mr. Wiedefeld and his

counsel have had the same access to the public records as Mr. Burke and any other member of the

public with internet access.

Moreover, the delay in filing the declaration was not within the reasonable control of the movant, Mr. Burke, because he filed the records as they became available and they only become available as the District makes the arrests. Moreover, Mr. Burke acted in good faith filing them on an interim basis by notice [15] and by filing this motion just a few days after making a search for new arrests. Thus, Mr. Burke did not withhold the declaration for strategic advantage or any similar reason.

## Conclusion.

Wherefore Plaintiffs respectfully move this Court to grant the requested relief.

Respectfully submitted,

/s/ William Claiborne
William Claiborne
D.C. Bar # 446579
Counsel for plaintiffs

ClaiborneLaw
717 D Street, N.W
Suite 300
Washington, DC 20004-2815
Phone 202/824-0700
Email claibornelaw@gmail.com