**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN BURKE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL J. WIEDEFELD, General Manager, )<br>Washington Metropolitan Area Transit Authority, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 19-3145-KBJ |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS REPLY**

Plaintiff's request to supplement his reply in support of his preliminary injunction motion with a report of recent panhandling arrests by the D.C. Metropolitan Police Department ("MPD") is baseless. Plaintiff asserts that he wishes the Court to consider his proposed supplement because, he maintains, it refutes Defendant Wiedefeld's point that since MPD has an obligation to enforce the D.C. panhandling statute at Metro stations, a preliminary injunction preventing the Metro Transit Police Department ("MTPD") from enforcing the statute would not alleviate Plaintiff's alleged irreparable harm. But the report he submits does no such thing. The report reflects that MPD *is enforcing* the statutory ban on panhandling at Metro stations. Plaintiff's proposed supplement thus further undercuts, rather than supports, his request for a preliminary injunction. Plaintiff presents no reason for the Court to exercise its discretion to supplement to the record on the preliminary injunction motion. His motion to supplement should be denied. *See Sai v. Transportation Sec. Admin.*, 54 F. Supp. 3d 5, 11 n.5 (D.D.C. 2014) (denying motion to supplement reply in support of preliminary injunction motion because it would not support claim to the requested emergency relief).

The report attached to the affidavit of Plaintiff's investigator directly contradicts the representation by Plaintiff and the investigator that "the MPD does not arrest people for 'panhandling at Metro stations.'"  Pl.'s Mot. at 1 (ECF No. 17, Apr. 2, 2020) (quoting Aff. of Investigator Sophie Vick ¶ 2).  The report of MPD panhandling arrests between October 2019 and March 2020 shows that two of the listed arrests occurred at a Metro station.  Specifically, the entries for arrests on November 25, 2019 and February 25, 2020 both list the location of arrest as "701 1st St., N.E."  Pl.'s Proposed Ex. 4 at 2 and 5 (ECF No. 17-1, April 2, 2020).  As Google Maps shows, 701 1st St., N.E. is the Metro Station at Union Station. https://goo.gl/maps/hpdg94FXBsMGAgK66; *see also* Metro website, https://www.wmata.com/rider-guide/stations/union-station.cfm.  In fact, the first of the entries for the arrests at 701 1st St., N.E. describes the offense as "Panhandling – Public Transportation."  Pl.'s Proposed Ex. 4 at 2.

Defendant Wiedefeld's point that a preliminary injunction would not alleviate Plaintiff's alleged irreparable harm stands unrefuted.  *See* Def.'s Opp'n to Mot. for Prelim. Inj. 19-20 (ECF No. 10, Nov. 15, 2019).  MPD has concurrent jurisdiction over Metro stations, shared with MTPD, and is obligated under D.C. law to enforce the panhandling statute at Metro stations.  Decl. of Ronald A. Pavlik ¶ 16 (ECF No. 10-1, Nov. 15, 2019) (citing D.C. Code § 9-1107.01(76)(b)).  Thus, MPD would still be obligated to enforce the statute at Metro stations even if MTPD were enjoined from enforcing it.  Contrary to Plaintiff's assertion, *McFarlin v. District of Columbia*, 681 A.2d 440 (D.C. 1996), limits neither MPD's nor MTPD's authority to enforce the panhandling statute; that case addressed an earlier version of Metro's regulations, and moreover, WMATA was not a party to that litigation and should not be bound by any

determination regarding WMATA or its regulations or policies.  *See* Def.'s Opp'n to Mot. for Prelim. Inj. 2 (reflecting that WMATA's Use Regulations were amended in November 2018).

Because Plaintiff's proposed supplement to his reply fails to support his motion for preliminary injunction, there is no reason for the Court to consider it.  The court should deny Plaintiff's motion to supplement.  *See Sai*, 54 F. Supp. 3d at 11 n.5.

Dated: April 16, 2020

Respectfully submitted,

/s/ Caroline L. Wolverton
Anthony T. Pierce (D.C. Bar No. 415263)
Caroline L. Wolverton (D.C. Bar No. 496433)
AKIN GUMP STRAUSS HAUER & FELD, LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4411
Fax: (202) 887-4288
apierce@akingump.com

Attorneys for Defendant