UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BURKE,<br><br>Plaintiff,<br><br>v.<br><br>PAUL J. WIEDEFELD,<br><br>Defendant. | Civil Action No.: 19-3145 (KBJ) |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS REPLY

Plaintiff's motion should be granted because defendant challenges the accuracy of the reports not the merits of the motion, and so defendant conceded the motion. LCvR 7(b).

Furthermore, "Panhandling – Public Transportation" refers to panhandling in a Metro Bus or inside a Metro Car. D.C. Code § 22-2302(b) "No person may ask, beg, or solicit alms **in any public transportation vehicle**; or at any bus, train, or subway station or stop." (emphasis added).

"Panhandling in a Metro station" refers to panhandling in areas of a Metro "subway station or stop" outside of the McFarlin zones, that is, with 15 feet of the entrances to or the exits from the subway escalators. *See* McFarlin v. District of Columbia, 681 A.2d 440, 448 (D.C. 1996) construing the highlighted portion of the panhandling statute: "No person may ask, beg, or solicit alms in any public transportation vehicle; or at any bus, train, or **subway station or stop**." D.C. Code § 22-2302(b) (emphasis added).

The mere fact that a person was arrested at Union Station does not mean the offense was "panhandling in a Metro station" because it could have been panhandling inside a Metro car or a inside Metro Bus.

Page 1

But it would seem that defendant, unlike Mr. Burke, through WMATA's Metro Transit Police would have access to incident reports for arrests made at Union Station Metro, and the fact that defendant did not submit any incident reports supports Mr. Burke's position.

Respectfully submitted,

/s/ William Claiborne
William Claiborne
D.C. Bar # 446579
Counsel for plaintiffs

ClaiborneLaw
717 D Street, N.W
Suite 300
Washington, DC 20004-2815
Phone 202/824-0700
Email clairbornelaw@gmail.com